UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

MICAH Z. KELLNER, et al.,

                    Plaintiffs,

    -against-

UNITED STATES ARMY CORPS OF
ENGINEERS, et al.,

                    Defendants.
------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 26, 2014

12 Civ. 8458 (PAC)

SUMMARY ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

    Asphalt Green, Inc. ("AG"), a plaintiff in this action, moves pursuant to Federal Rule of Civil Procedure 65 for a preliminary injunction, to remain in place while the Court decides the merits of Plaintiffs' underlying action, preventing the City defendants and their contractors from (1) entering onto the Asphalt Green campus ("AG campus") without AG's permission to cut down trees along the access ramp to the East 91st Street Marine Transfer Station ("MTS"), (2) installing a construction fence on the AG campus, and (3) demolishing any portion of the existing MTS access ramp.

    AG claims that this is an emergency. While the City plans to remove the access ramp which necessitates a safety construction fence, AG maintains it did not know about the tree removal and acceleration of the construction schedule. This "emergency" provoked a flurry of letter exchanges which ended in a conference late Tuesday afternoon. At the conclusion of the conference, the parties asked for leave to submit another round of letters.[1] The Court has considered all submissions and the parties' arguments.

---

[1] Counsel for the Army Corps of Engineers and Residents for SANE Trash also attended the conference, but chose not to speak.

## DISCUSSION

The standards for a preliminary injunction are well known. The party requesting a preliminary injunction must establish: (1) likelihood of success on the merits; (2) irreparable injury in the absence of preliminary relief; (3) the balance of equities tips in applicant's favor, and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008). A preliminary injunction is an extraordinary remedy; it is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). Courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Production Co. v. City of Gambell*, 480 U.S. 531, 542 (1987).

AG's argument is based on a December 2011 agreement (the "License Agreement") in which the City granted AG the right "to possess and solely to use, operate control and manage (the 'Services') the Property." License Agreement ¶ 1. "The Property" is defined in the Agreement as "the City-owned property more particularly described on Exhibit 'A' hereto and now commonly known as 'Asphalt Green.'" License Agreement at p.1. Exhibit A reflects the land on which the AG campus is located, which explicitly does not include the MTS access ramp.

AG suggests that its rights are akin to that of a leaseholder. This argument must be rejected. The December 2011 Agreement is titled "License Agreement." Further, it contains a section entitled "No Lease," which states "It is expressly understood that the City has title to the Property and that no land, building, space, or equipment is leased to AG but that during the term of this Agreement, AG shall be allowed the use of the Property only as herein provided." License Agreement ¶ 3. The License Agreement also provides that AG can improve the property, but "[a]ll . . .improvements installed in or on the Property at any time by AG shall,

upon installation, become the property of [the] City . . . ." License Agreement ¶ 6. Finally, at the time the License Agreement was signed, AG had been opposing the construction and operation of the MTS for years through community protests, lobbying, and litigation. AG offers no rationale for why the City would convey rights which would permit the licensee to dictate conduct to or restrict the rights of the licensor.[2]

AG has failed to establish irreparable harm, and the Court denies AG's application for an injunction. The access ramp is not subject to the license agreement and so AG has no rights with respect to its demolition. The land where the construction fences will be erected and the trees removed are the City's property: the land, because the City never conveyed a property interest to AG; and the trees because the License Agreement provides that any AG improvements become City property. Furthermore, Plaintiff does not establish that removing the trees and installing safety construction fences will interfere with its ability to perform services under the Licensing Agreement. The construction fence will be placed within a landscaped strip and will not encroach on AG's running track or playing field. (Noteboom letter of February 26, 2014.) Children's safety will not be endangered by construction of the fence. The NYC Department of Design and Construction will secure the area. It is in fact for the sake of safety – the construction of a safety fence around the ramp – that the trees must be removed.

Even if the construction fence and tree removal did impinge on Plaintiff's rights under the License Agreement – and it does not – the harm would not be irreparable. Any fence could be taken down in the event that the Court later finds for Plaintiffs on the merits, and the trees are already required to be replanted in restitution as a condition for the City's permit with the City of

---

[2] Plaintiff argues in its letter of February 26, 2014 that this agreement is comparable to the 1989 Agreement between AG and the City. The earlier agreement was not called a "License Agreement," however, and did not include a "No Lease" provision.

New York Department of Parks and Recreation. (Letter of January 24, 2014 from Neil White, NYC Parks and Recreation.)

## CONCLUSION

For the foregoing reasons, Plaintiff's letter application for a preliminary injunction is denied.

Dated: New York, New York

February 26, 2014

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge